IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00392-PAB-NRN

A.K., a minor, by and through KELLEY MOYER,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,
BOARD OF EDUCATION FOR THE CHERRY CREEK SCHOOL DISTRICT,
SCOTT SIEGFRIED, in his official capacity as Superintendent of Cherry Creek School District, and
CAROLL DURAN, in her official capacity as Principal of Endeavor Academy,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on the portion of Plaintiff's Motion and Supporting Memorandum of Points for Temporary Restraining Order and Preliminary Injunction [Docket No. 35] that requests issuance of a temporary restraining order ("TRO"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff A.K. is a high school senior at Endeavor Academy in Centennial, Colorado, which is within Cherry Creek School District No. 5. Docket No. 13 at 3, ¶¶ 3-4. On October 10, 2019, after school hours, plaintiff posted a photo on the social-media platform Snapchat. *Id.* at 8, ¶ 23. The photo depicts plaintiff and her older brother, with scarves covering their heads except for their eyes, "giving the middle-finger gesture while holding firearms." *Id.* at 10-11, ¶¶ 35-36. Specifically, plaintiff holds "a semiautomatic pistol" and her brother holds "a semiautomatic rifle." *Id.* at 11,

¶ 36.  The photo is accompanied by a caption, which reads in its entirety:

> me and my legal guardian are going to the gun range to practice gun safety and responsible gun ownership while getting better so we can protect ourselves while also using the first amendment to practice our second ammendment [sic].

*Id*., ¶ 38.  A parent of one of plaintiff's classmates reported the photo to Safe2Tell Colorado.  *Id.* at 13, ¶ 44.  Safe2Tell "is a program that allows individuals to make anonymous tips" regarding concerns "for their safety or the safety of others connected with Colorado schools and communities."  *Id.*  On October 11, plaintiff was suspended from school for five days for "[b]ehavior on or off school property which is detrimental to the welfare, safety, or morals of other students or school personnel."  *Id.* at 14-15, ¶¶ 51, 57.

Plaintiff filed this lawsuit on February 14, 2020.  Docket No. 1.  She filed an amended complaint on March 6, 2020.  Docket No. 13.  In her amended complaint, plaintiff raises four claims under 42 U.S.C. § 1983: (1) a violation of her right to freedom of speech under the First and Fourteenth Amendments; (2) denial of due process under the Fifth and Fourteenth Amendments on the basis that defendants' disciplinary policies are void for vagueness; (3) denial of due process under the First, Fifth, and Fourteenth Amendments on the basis that defendants' disciplinary policies are overbroad; and (4) denial of procedural due process under the Fifth and Fourteenth Amendments.  *Id.* at 17-28.  On April 30, 2020, plaintiff filed a motion for temporary restraining order and preliminary injunction.  Docket No. 35.  Defendants responded to that portion of it seeking a TRO on May 4, 2020.  Docket No. 37.  Plaintiff filed a reply on May 5, 2020.  Docket No. 38.

2

Plaintiff seeks a temporary restraining order ordering defendants "to remove any disciplinary notations associated with [plaintiff's] Oct. 10, 2019 post; [to] not take any disciplinary measures should [plaintiff] post similar nonthreatening, constitutionally protected speech; and [to] not enforce [defendants'] unconstitutionally overbroad and vague policies . . . against [plaintiff's] future speech." Docket No. 35 at 1.

To succeed on a motion for temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

"[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a [TRO], the moving party must first demonstrate that such injury is likely before the other requirements will be considered." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (internal quotation marks

3

omitted)). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). The "party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heideman*, 348 F.3d at 1189). "Purely speculative harm will not suffice." *RoDa Drilling*, 552 F.3d at 1210; *see also* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2948.1 ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant;" "a [TRO] will not be issued simply to prevent the possibility of some remote future injury.").

Plaintiff asserts that immediate injunctive relief is necessary to prevent irreparable harm because "defendants have expressly threatened to suspend A.K. if she should engage in similar speech" and because "[d]efendants are maintaining records documenting that they suspended A.K. for her supposed violation of school policies" and that "[t]hese records may later be released to higher education institutions to which [plaintiff] will eventually apply, thus threatening her future academic career." Docket No. 35 at 14.

The Court finds that any alleged harm is both too speculative and too remote to justify issuance of a temporary restraining order. While plaintiff asserts that documentation of her suspension may "threaten[] her future academic career" should she apply to higher education institutions, *id.*, plaintiff does not allege that she has applied to any higher education institutions or that her application is imminent. Instead, she asserts that she will "eventually" apply to these schools. *Id.* However, a party

seeking a temporary restraining order "must demonstrate that immediate irreparable harm is likely in the absence of injunctive relief – not merely that irreparable harm may possibly occur at some point in the future." *Waters Corp. v. Agilent Tech. Inc.*, 410 F. Supp. 3d 702, 713 (D. Del. 2019). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Plaintiff has not demonstrated that she will suffer imminent irreparable harm resulting from defendants' maintenance of her disciplinary records if a TRO is not issued.

Plaintiff implies that merely alleging a potential violation of her First Amendment rights is sufficient to demonstrate an irreparable injury. Docket No. 35 at 13. Plaintiff is correct that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). "However, *Elrod* does not stand for the proposition that a plaintiff need only allege a First Amendment violation to automatically show irreparable harm." *Bauchman By and Through Bauchman v. West High Sch.*, 900 F. Supp. 248, 251 n.3 (D. Utah 1995). "Indeed, [in *Elrod*,] the Supreme Court stated that the evidence presented at the district court hearing . . . made it 'clear . . . that First Amendment interests were either being threatened or in fact being impaired at the time relief was sought.'" *Id.* (quoting *Elrod*, 427 U.S. at 373); *see also Johnson v. Cache Cty. Sch. Dist.*, 323 F. Supp. 3d 1301, 1314 (D. Utah 2018) (stating that any assumption that a violation of constitutional rights constitutes irreparable harm "is not absolute" because "the Tenth Circuit has

found that '[i]t is necessary . . . to consider the specific character of the First Amendment claim.'") (quoting *Heideman*, 348 F.3d at 1190). "Courts should still question whether the harm is imminent, great, or substantial." *Martinez v. City of Rio Rancho*, 2015 WL 13650058, at *5 (D.N.M. July 10, 2015).

Endeavor Academy is closed for the remainder of the school year due to the COVID-19 pandemic. *See* Docket No. 35-4 at 5-6, ¶¶ 26-27. Given that plaintiff and her classmates will not be returning to school grounds, plaintiff has not explained why posting a "similar" picture is likely to subject her to school-sanctioned discipline based on "[b]ehavior on or off school property which is detrimental to the welfare, safety, or morals of other students or school personnel." Docket No. 13 at 15, ¶ 57; *see also* Docket No. 35 at 14 (simply stating that "the threat of continuing harm remains just as real even though [Endeavor Academy] has moved to online instruction"). Moreover, plaintiff has not explained why any alleged effect that her suspension has had on her Snapchat posting habits is "great" or "substantial." *See Johnson*, 323 F. Supp. 3d at 1316 (finding that plaintiff, who was disciplined for Snapchat post, had not shown that "the alleged censorship is 'great or substantial' as is required for irreparable harm"); *see also Martinez*, 2015 WL 13650058, at *5 (finding that plaintiff had not made a showing that her harm was either great or substantial because, "[a]t this time, Plaintiff's injuries are merely speculative and it is not certain that her abstention from horn-honking and headlight-flashing demonstrates a restriction on constitutionally-protected conduct."). The Court finds that plaintiff has not established that the alleged irreparable harm is "certain, great, actual and not theoretical." *Heideman,* 348 F.3d at 1189; *see also J.S. v. Blue Mountain Sch. Dist.*, 2007 WL

954245, at *3 (M.D. Pa. Mar. 29, 2007) (finding that plaintiff had not established irreparable injury due to alleged First Amendment violation when, at temporary restraining order stage, the court "[could not] conclude that a constitutional violation ha[d] occurred").[1]

The Court finds that plaintiff has not met her burden of demonstrating immediate irreparable harm so as to justify issuance of a temporary restraining order. As a result, the Court need not address the remaining TRO factors. *See Big O Tires, LLC v. Felix Bros., Inc.*, 724 F. Supp. 2d 1107, 1121 (D. Colo. 2010) ("The Court declines to address the remaining preliminary injunction elements, as the resolution of them will have no bearing on the outcome.").

For these reasons, it is

**ORDERED** that Plaintiff's Motion and Supporting Memorandum of Points for Temporary Restraining Order and Preliminary Injunction [Docket No. 35] is **DENIED** in part insofar as it requests issuance of a temporary restraining order. It is further

---

[1] Additionally, the Court notes that plaintiff waited over six months after her suspension and two months after this lawsuit was filed to seek a temporary restraining order. "[D]elay is an important consideration in the assessment of irreparable harm for purposes of a preliminary injunction." *GTE Corp. v. Williams*, 731 F.2d 676, 679 (10th Cir. 1984); *see also Am. Ass'n of People With Disabilities v. Herrera*, 580 F. Supp. 2d 1195, 1246 (D.N.M. 2008) (finding that plaintiffs' two-week delay from filing lawsuit to seeking preliminary injunction "considerably undercut[] their allegation of irreparable harm"). While plaintiff argues that this delay was the result of "several good faith efforts over the last several weeks to reach a stipulation with [defendants] that would avoid the need for this very litigation over the need for preliminary injunctive relief," Docket No. 38 at 2, plaintiff represents that these efforts began on March 17, 2020 – still five months after plaintiff's suspension and one month after the filing of this lawsuit. *Id.* While the Court commends the parties' attempt to narrow the issues, the Court finds that the delay in seeking injunctive relief cuts against plaintiff's assertions of imminent irreparable harm.

**ORDERED** that defendants shall respond to the portion of plaintiff's motion seeking a preliminary injunction on or before **May 21, 2020**. It is further

**ORDERED** that plaintiff shall file a reply on or before **June 4, 2020**. It is further

**ORDERED** that, in order for the Court to determine the length of the preliminary injunction hearing, plaintiff shall file a witness list, using the form found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonPhilipABrimmer.aspx, indicating the witnesses she intends to call at a preliminary injunction hearing and the length of time of her direct examinations no later than **May 25, 2020**. It is further

**ORDERED** that defendants shall file their witness list for the preliminary injunction hearing, which shall include estimates of time required for cross-examining plaintiff's witnesses and estimates of time for conducting the direct examination of defendants' witnesses, no later than **May 27, 2020**. It is further

**ORDERED** that counsel shall jointly contact Chambers via conference call (303-335-2794) no later than **May 29, 2020** to schedule a preliminary injunction hearing.

DATED May 6, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge