IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00392-PAB-NRN

A.K., a minor, by and through
KELLEY MOYER,

      Plaintiff,

v.

CHERRY CREEK SCHOOL
DISTRICT NO. 5, et al.

      Defendants.

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference is scheduled for May 19, 2020 at 9:30 a.m., before Magistrate Judge N. Reid Neureiter. The following counsel will be appearing telephonically on behalf of the parties:

| Plaintiff's Counsel | Defendants' Counsel |
|---|---|
| Adam Kraut<br>Firearms Policy Coalition<br>1215 K Street, 17th Floor<br>Sacramento, CA 95814<br>(916) 476-2342<br>akraut@fpclaw.org | Daniel P. Spivey<br>Semple, Farrington, Everall & Case<br>1120 Lincoln Street, Suite 1308<br>Denver, Colorado 80203<br>719.213.8728<br>dspivey@semplelaw.com |
| Joseph Greenlee<br>Firearms Policy Coalition<br>1215 K Street, 17th Floor<br>Sacramento, CA 95814<br>(916) 378-5785<br>jgreenlee@fpclaw.org | Jonathan P. Fero<br>Semple, Farrington, Everall & Case<br>1120 Lincoln Street, Suite 1308<br>Denver, Colorado 80203<br>303.595.0941<br>jfero@semplelaw.com |

Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com

Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based upon the First, Fifth, and Fourteenth Amendments to the United States Constitution and are being brought pursuant to 42 U.S.C. § 1983.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiffs</u>:

1. Violation of free speech rights (U.S. Const., 1st Amend.): Plaintiff contends that Defendants violated her free speech rights by deeming her in violation of and disciplining her for violating school policies based on a post she made to Snapchat, a social media platform, around 7:00 p.m. on October 19, 2019.

2. Due process violation (void for vagueness) (U.S. Const., 5th & 14th Amends.): Plaintiff contends that Defendants violated her substantive due process rights because the school policies purportedly empowering them to take such adverse action against Plaintiff based on her speech activities are void for vagueness.

3. Due process violation (overbreadth) (U.S. Const., 1st, 5th, & 14th Amends.):

2

Plaintiff contends that Defendants violated her substantive due process and free speech rights because the school policies purportedly empowering them to take such adverse action against Plaintiff based on her speech activities are unconstitutionally overbroad in the scope of their application to protected speech.

4. Due process violation (procedural) (U.S. Const., 5th & 14th Amends.): Plaintiff contends that Defendants violated her procedural due process rights by failing to accord her the notice and process she was due before Defendants deemed her in violation of and disciplined her for violating the school policies at issue.

Plaintiff disputes the factual assertions and legal conclusions in support of Defendants' statement of defenses, immediately below, including in particular (but not limited to), the characterization of her social media activity as "a series of alarming social media posts," the assertion that one of her posts "used a phrase commonly used by jihadi terrorists," the claim that CCSD "reasonably forecast[ed]" the posts "would lead to substantial disruption at school," the conclusion that the posts "actually did cause such a disruption," and the assertions purportedly speaking to the states of mind and emotional reactions of third parties as allegedly being in "fear of their safety" and "concern[ed] for student welfare and safety."

b. <u>Defendants</u>:

Defendants deny that they violated A.K.'s First, Fifth, or Fourteenth Amendment rights under the United States Constitution or violated 42 U.S.C. § 1983 when A.K. was suspended for five days after she made a series of alarming social media posts that the Cherry Creek School District No. 5 ("District") reasonably forecast would

lead to substantial disruption at school, and that actually did cause such a disruption. A.K. made posts while in school with a photo of her head wrapped in a scarf that used a phrase commonly used by jihadi terrorists to which classmates complained to her were racist and could lead to them reporting her to school administration. Later in the same day after school, A.K. posted a photo of herself and another individual with their heads wrapped in scarfs brandishing semiautomatic weapons. After this post, some students did not go to school the next day for fear of their safety, a parent made a Safe2Tell report to the school, and reports were made to Endeavor Academy administration with concerns for student welfare and safety.

A.K. fails to state a claim upon which relief can be granted for the following reasons: (1) the Defendants did not violate A.K.'s First Amendment rights when she was suspended for her social media posts; (2) the Defendants did not violate any procedural due process rights of A.K. when she was suspended; (3) the District's policies are not unconstitutionally vague or overbroad; and (4) Defendants Caroll Duran, Principal of Endeavor Academy, and Scott Siegfried, District Superintendent, are entitled to qualified immunity, and there are no allegations that Superintendent Siegfried was involved in any way in the alleged constitutional violations.

c. <u>Other Parties</u>: N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff A.K. is a seventeen-year-old high school senior at Endeavor Academy in Centennial, Colorado ("Endeavor").

2. Defendant Cherry Creek School District No. 5 ("CCSD") is a public entity established and organized under, and pursuant to, the laws of Colorado. CCSD maintains its administrative office at 4700 South Yosemite Street, Greenwood Village, Colorado 80111

3. Defendant Board of Education for CCSD maintains its administrative office at 4700 South Yosemite Street, Greenwood Village, Colorado 80111.

4. Defendant Scott Siegfried is the superintendent of CCSD.

5. Defendant Caroll Duran is the principal of Endeavor.

6. Plaintiff utilizes the social media application Snapchat, a multimedia messaging application, for sharing messages, videos, and photographs.

7. Snapchat allows users to post images that can be directed to select contacts, to a certain group of contacts, or that can be viewed by anyone using the application.

8. In the mid-morning hours of October 10, 2019, Plaintiff posted on Snapchat a picture of herself with a black scarf wrapped around her head. The photo lacked any caption.

9. Several of Plaintiff's volleyball teammates messaged her through the Snapchat application to let her know that they believed the photo was "racist."

10. Plaintiff then reposted the photo with a caption "Allahu akbar (I live in America so fuck you if your [sic] offended, I can do what I want."

11. Plaintiff received more complaints from teammates asserting that they would

report her to the school administration for the post.

12. Plaintiff went to the office of Principal Duran on her own accord and "self-reported" to Principal Duran the material she posted on Snapchat.

13. Later that day, Plaintiff was called back to Principal Duran's office after other individuals had brought the post to her attention. Principal Duran advised Plaintiff that she should be "more sensitive" about her social media posting.

14. After school on October 10, 2019, Plaintiff posted a photo with a caption (the "Snapchat Post") to her social-media account on Snapchat.

15. The Snapchat Post depicts Plaintiff and another individual both wearing scarves around their faces, gesturing towards the camera with their middle fingers (i.e., "flipping the bird"), and holding firearms.

16. When the photo was taken, Plaintiff was not on CCSD or Endeavor property.

17. The Snapchat Post's caption reads: "me and my legal guardian are going to the gun range to practice gun safety and responsible gun ownership while getting better so we can protect ourselves while also using the first amendment to practice our second amendment [sic]."

18. When it was published, the Snapchat Post was visible to Plaintiff's connections on Snapchat, who included certain Endeavor students.

19. Someone made a report to Safe2Tell Colorado about the Snapchat Post.

20. Safe2Tell is a program that allows individuals to make anonymous tips regarding concerns about their safety or the safety of others connected with Colorado schools or communities.

21. Officers from the Aurora Police Department arrived at the home of Plaintiff's father, Chad Johnson, in response to a report about the Snapchat Post.
22. The morning of the next day, October 11, 2019, Mrs. Moyer and her husband, Plaintiff's stepfather, Jeff Moyer, accompanied Plaintiff to Endeavor.
23. Upon arriving at Endeavor, the three were escorted by security guards to Principal Duran's office, where both she and Assistant Principal Larson were present.
24. During the meeting with Mrs. Moyer, her husband, and A.K., Principal Duran said that Plaintiff was being suspended for five days.
25. Later in the day on October 11, 2019, Principal Duran emailed Mrs. Moyer a letter regarding the previously imposed suspension.
26. Plaintiff served the first day of the five-day suspension on October 11, 2019, and the rest of the suspension from October 21st through 24th.
27. Since that time, due to the COVID-19 pandemic, the Colorado public schools, including CCSD, have ceased conducting in-person classes and school activities, and they are now conducting school through online and remote platforms.
28. This remote learning process will continue throughout the remainder of the 2019-2020 school year.
29. While school remains in session, all CCSD students, including Plaintiff, remain subject to discipline for conduct in violation of the school's policies, including those policies Defendants have asserted as the basis for the suspension at

issue.

### 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>:   As to each of Plaintiffs' claims listed above in section 3 of this scheduling order, she claims:

Compensatory damages, up to the amount determined by the trier of fact, arising from the loss of any and all educational time and scholastic opportunities which Plaintiff was denied during the period of the suspension at issue, the precise nature, quantification, and value of which remain subject to proof through ongoing investigation, discovery, and trial proceedings.

Compensatory damages, up to the amount determined by the trier of fact, arising from Plaintiff's loss of any and all higher educational opportunities at community colleges, universities, trade schools, or other postsecondary educational institutions on account of the dissemination of information about Plaintiff's alleged violation of school policies and discipline for the conduct at issue, the precise nature, quantification, and value of which remain subject to proof through ongoing investigation, discovery, and trial proceedings.

Nominal damages arising from the asserted violations of Plaintiff's constitutional rights if and to any extent that the precise nature, quantification, and value of the violations may not reasonably be determined as a financial loss remediable through compensatory damages.

Punitive damages arising from the asserted violations of Plaintiff's constitutional rights, up to the amount determined by the trier of fact after all the evidence is presented.

Reasonable attorney's fees, which continue to accrue, as determined by the court.

Costs of suit for the costs incurred, which continue to accrue.

<u>Defendants</u>:  Defendants are not currently seeking damages, but reserve their rights to

claim attorneys' fees, costs, and other relief.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The parties held the Rule 26(f) meeting by telephone on April 21, 2020.

**b. Names of each participant and party he/she represented.**

Plaintiff was represented by Raymond M. DiGuiseppe and Defendants were represented by Daniel P. Spivey.

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures were made on May 5, 2020.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery:**

The parties do not believe informal discovery will be used.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified numbering system for exhibits.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties have discussed possible sources of electronically stored information ("ESI"), including student files, administration emails, electronic files and emails of Plaintiff, and student social networking media. The parties anticipate some ESI

discovery relevant to the claims or defenses in this matter, and that production of documents should be done in electronic format unless otherwise impossible. The Parties agree to work cooperatively on ESI and the format in which it will be produced. Plaintiff and Defendants agree that, in the event that disputes arise regarding discovery of electronically stored information, they will attempt to apply the Sedona Principles to resolve such disputes.

**h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties do not believe settlement discussions would be fruitful at this time. The parties remain willing to engage in settlement discussions as the case progresses.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

**a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~The parties have agreed that no modifications are necessary, and each side is permitted 10 depositions and~~ 25 interrogatories.

Each side shall be limited to 6 depositions, excluding experts.

**b.   Limitations which any party proposes on the length of depositions.**

~~One day of seven hours, as set by Fed. R. Civ. P. 30(d)(1).~~
Depositions shall not exceed 7 hours for two deponents, exclusive of experts, all others limited to 4 hours, for each side, without prior agreement or absent leave of court.

**c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.**

25 per side.

    **d.**    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

45 days before close of discovery.

    **e.**    **Other Planning or Discovery Orders**

The parties will submit a proposed protective order to the Court for its review. The protective order will accommodate the exchange of confidential documents and information during the discovery process as it relates to students and personnel and to the District's confidentiality requirements.

Defendants will file a Motion to Dismiss the Amended Complaint in its entirety and will seek dismissal of the individual Defendants on the basis of qualified immunity, among other bases. As a result of the assertion of qualified immunity, Defendants will also move for a stay of all discovery pending the Court's determination of the motion to dismiss. Plaintiffs intend to oppose any such request pending any such motion.

<u>Parties shall meet and confer regarding any need for a Protective Order, and if needed, then parties shall file their Motion for Protective Order and proposed Protective Order **on or before May 26, 2020.**</u>

## 9.  CASE PLAN AND SCHEDULE

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

July 5, 2020.

    **b.**    **Discovery Cut-off:**

January 19, 2021. This cutoff may be affected by the Court's determination of Defendants' motion to stay all discovery.

    **c.**    **Dispositive Motion Deadline:**

~~March 5, 2021.~~ February 19, 2021

    **d.**    **Expert Witness Disclosure**

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

            If experts are used, the parties propose a limit of 2 retained experts per side.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 20, 2020.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 20, 2020.

    **e.**    **Identification of Persons to Be Deposed:**

<u>Plaintiffs</u>: Carroll Duran (6 hours); Matt Larson (4 hours); Scott Siegfried (3 hours); Jennifer Perry (2 hours); Carla Stearns (2 hours); Arapahoe County Sheriff Deputy present in or outside the office of Principal Duran during her meeting with Plaintiff at Endeavor on October 11, 2019 (to be identified through discovery).

<u>Defendants</u>: A.K. (7 hours), A.K.'s mother (3.5 hours), A.K.'s stepfather (3.5 hours). Defendants reserve their right to object to any depositions that may be precluded by Fed. R. Civ. P. 26(c)(1) and/or the Apex Doctrine. *See, e.g., Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 2535067, *1 (D. Colo. 2011).

**10. DATES FOR FURTHER CONFERENCES**

a. ~~Status conferences will be held in this case at the following dates and times:~~ **JOINT STATUS REPORT** shall be filed no later than **October 28, 2020**__.

~~b.~~a.   A final pretrial conference will be held in this case on  April 20, 2021 at 10:30 a.m._____at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

   None.

b. **Anticipated length of trial and whether trial is to the court or jury.**

   4 days of trial to a jury.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

   None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving

attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of

this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that this Scheduling Order may be amended only upon a showing of good cause.

DATED at Denver, Colorado, this __19th__ day of May_____, 20_20_.

BY THE COURT:

*N. Reid Neureiter*
_____
United States Magistrate Judge

APPROVED:

For Plaintiff

*s/ Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
910-713-8804
law.rmd@gmail.com

Adam Kraut, Esq.
Joseph Greenlee, Esq.
Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA 95814
916-476-2342
akraut@fpclaw.org
jgreenlee@fpclaw.org

Eugene Volokh
385 Charles E. Young Dr. E
Los Angeles, CA 90095
volokh@law.ucla.edu

For Defendants

*s/ Daniel P. Spivey*
M. Brent Case
Jonathan P. Fero
Daniel P. Spivey
1120 Lincoln Street, Suite 1308
Denver, CO 80203
(303) 595-0941
bcase@semplelaw.com
jfero@semplelaw.com
dspivey@semplelaw.com

15