IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00392-PAB-NRN

A.K., a minor by and through KELLEY MOYER,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,
BOARD OF EDUCATION FOR THE CHERRY CREEK SCHOOL DISTRICT,
SCOTT SIEGFRIED, in his official capacity as Superintendent of Cherry Creek School District, and
CAROLL DURAN, in her official capacity as Principal of Endeavor Academy,

    Defendants.

---

## [PROPOSED] PROTECTIVE ORDER
---

Defendants and Plaintiff, having shown good cause in support of the entry of this Protective Order to protect dissemination of the confidential information set forth herein, and recognizing the parties to this case have stipulated hereto, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to disclosures or discovery under the Federal Rules of Civil Procedure which have been marked as "CONFIDENTIAL" in accordance with this Protective Order.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated by a party as "CONFIDENTIAL" shall be information that is confidential pursuant to federal or state law, or which implicates common law privacy interests of current and former Cherry Creek School District No. 5 ("District") students, and may include, without limitation, student records, and personal information related to such individuals, e.g. financial and medical records ("Confidential Information"). *See, e.g.,* 22 U.S.C. § 1232g and 34 C.F.R. § 99.3 (Family Educational Rights and Privacy Act (FERPA)) (prohibiting an educational institution from disclosing personally identifiable information regarding students). Neither party shall designate as CONFIDENTIAL documents which are public record, nor is either party permitted to designate as CONFIDENTIAL documents which do not implicate the interests sought to be protected herein. Wholesale designation of all documents as CONFIDENTIAL is not permitted.

4. A party may designate any document or information, including any portion of a document, any interrogatory response, other discovery response, and/or transcript of a deposition, as CONFIDENTIAL that constitutes or contains information that is entitled to protection under this Protective Order.

5. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. Confidential Information shall not, without the consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

    a. Attorneys actively working on this case;

      b.      Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

      c.      The parties, including designated representatives for the parties;

      d.      Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.      The Court and its employees ("Court Personnel");

      f.      Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      Deponents or witnesses and their translators, to the extent the latter is used; and,

      h.      Other persons by written agreement of the parties.

7. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person the verbal acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL". Before designating a document as CONFIDENTIAL, the designating party must review the document and have a good faith belief basis for doing so.

9. Clawback Agreement: The parties agree that they will hereafter take reasonable steps to protect against inadvertent disclosure of materials protected by the work product doctrine and attorney-client privilege recognized by the federal courts ("Protected Materials"). The parties also agree that the inadvertent disclosure of Protected Materials shall not constitute a waiver of the attorney work product doctrine or attorney-client privilege. Any party that discovers it has sent or received Protected Materials shall immediately notify the opposing party so that appropriate steps to return or destroy the Protected Materials may be taken. By operation of the parties' agreement, the parties are specifically afforded the protections of FRE 502(d) and (e). This Clawback Agreement supplements, and does not supersede, any protections already afforded by FRE 502 or FRCP 26(b)(5)(B).

10. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, the non-designating party shall treat the document as confidential and file the document pursuant to D.C.COLO.LCivR 7.2(e) as restricted. It shall be the obligation of the

party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order and remain restricted. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated as CONFIDENTIAL or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

13. The Court may modify this Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2020

_____