IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 20-cv-00392-PAB-NRN

A.K., a minor, by and through KELLY MOYER,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,
BOARD OF EDUCATION FOR THE CHERRY CREEK SCHOOL DISTRICT,
SCOTT SIEGFRIED, in his official capacity as Superintendent of Cherry Creek School District, and
CAROLL DURAN, in her official capacity as Principal of Endeavor Academy,

    Defendants.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on the portion of Plaintiff's Motion and Supporting Memorandum of Points for Temporary Restraining Order and Preliminary Injunction [Docket No. 35] seeking a preliminary injunction. The parties have submitted witness lists and time estimates of their direct and cross-examinations. Docket Nos. 53, 55.

    The preliminary injunction hearing will be set for a half day on June 25, 2020 beginning at 1:00 p.m. There will be a 15-minute break at approximately 3:00 p.m. Each side will be given one hour and fifteen minutes cumulatively to conduct both its direct examination and its cross-examination. The Court will keep track of each side's time. If, for instance, one side uses one hour and fifteen minutes to conduct its direct examination, it will have no time left to cross-examine the opposing side's witness. One hour will be reserved at the end of the hearing for arguments on the motion.

    The preliminary injunction hearing will be conducted by video teleconference ("VTC"). No witnesses or attorneys shall attend the hearing in person. The Court will, at a later date, provide details as to how lawyers and witnesses can call in to the hearing and how members of the public may access the hearing. No recording of the hearing is permitted. *See* D.C.COLO.LCivR 83.1.

    The Court finds that, pursuant to Fed. R. Civ. P. 43(a), good cause and compelling circumstances exist for testimony "by contemporaneous transmission from a

different location." Such testimony is permissible with "appropriate safeguards" that "ensure (i) accurate identification of the witness; (ii) protection against any outside influence on the witness; and (iii) accurate transmission." *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019) (unpublished). Each side must ensure that reliable video conferencing arrangements are made for its witness. Each side must also ensure that its witness is testifying from a room where there will be no interruptions and that has a connection with sufficient bandwidth. Each side will also be responsible for ensuring that its witness has copies of all exhibits which may be referenced during direct testimony. The opposing side must notify counsel of any exhibits it wishes the witness to have for purposes of cross-examination. Accordingly, it is

**ORDERED** that the preliminary injunction hearing is set for **June 25, 2020** at 1:00 p.m. before Chief Judge Philip A. Brimmer. The hearing will be conducted via VTC. It is further

**ORDERED** that a status conference is set for **June 18, 2020** at 11:00 a.m. The status conference will be conducted via VTC. The Court will provide the participants with instructions for connecting to the status conference via email. It is further

**ORDERED** that the parties shall exchange with each other, and submit to the Court electronically, their exhibits on or before **June 19, 2020**.

DATED June 8, 2020.